25 F.3d 1039
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Mark DAVIS, Plaintiff Appellant,
v.
Nelson SABATINI, Individually, and in his capacity of health
Secretary for Maryland and Former Under Secretary of Health
of Maryland; Adele Wilzack, Individually and in her
capacity as the Former Health Secretary for the State of
Maryland; Carol Benner, Individually and in her capacity as
the Head of Licensing and Certification of the Department of
Health and Mental Hygiene; Lois Leonard, Defendants Appellees.
 No. 94-1516.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 14, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M.J. Garbis, District Judge. (CA-93-1242-MJG)
 Mark Davis, Appellant pro se.
 Timothy James Paulus, Asst. Atty. Gen., Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Davis appeals from the district court's order granting summary judgment to the Defendants in his 42 U.S.C. Sec. 1983 (1988) action in which he sought injunctive and monetary relief. We review the grant of summary judgment de novo, drawing all justifiable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 938 (4th Cir.1991). Davis filed this action against the Maryland officials involved in initiating and pursuing the regulatory enforcement actions which resulted in the loss of his license to practice medicine. Under Butz v. Economou, 438 U.S. 478 (1978), the Defendants are entitled to absolute immunity. In any event, we find that Davis failed to show that the Defendants violated a clearly established constitutional or federal statutory right of which a reasonably prudent official should have been aware and thus the Defendants were entitled to qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Therefore, we affirm the district court's order granting summary judgment to the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED